UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BOBBY CHANEY,

     Plaintiff,

v.                                    Case No: 5:26-cv-117-JSS-PRL

PRESTIGE FORD INC.,

     Defendant.

_____

## ORDER

This cause comes before the Court on Plaintiff's Omnibus Response to Defendant's Response and Emergency Request for Sanctions on the Tribunal ("Omnibus Response") (Doc. 26) filed on June 29, 2026, and Plaintiff's Motion to Compel Production of the Settlement Agreement and Fraud Exhibits ("Motion to Compel") (Doc. 27) filed on June 29, 2026. Despite being represented by legal counsel (Noah E. Storch, Esq. and Andres Kroboth, Esq.) currently (*see* Docs. 7-8 & 17), Plaintiff filed the Omnibus Response and the Motion to Compel on his own behalf (*see* Docs. 26 & 27).[1]

Upon review, Plaintiff's Omnibus Response is an improper filing and not permitted by the Federal Rules of Civil Procedure or the Court's Local Rules. For instance, the Omnibus Response contains embedded requests for relief. (*See* Doc. 26 at pp. 1, 6). However, a party

---

[1] Noah E. Storch, Esq. of Richard Celler Legal, P.A. filed a Motion to Withdraw as Counsel for Plaintiff on June 26, 2026, which is currently pending with the Court. (Doc. 25). In the motion, Mr. Storch states that Andres Kroboth, Esq., who is also representing Plaintiff in this action, will be filing a motion to withdraw as counsel for Plaintiff, as he is no longer affiliated with Richard Celler Legal, P.A. (*See id*. at p. 1 n.1).

must seek relief in the body of a motion that complies with all applicable rules and law. *See* Fed. R. Civ. P. 7(b) (noting that "[a] request for a court order must be made by *motion*" and imposing requirements on such motions) (emphasis added); M.D. Fla. Local Rule 3.01(b) (imposing additional requirements on motions). In addition, to the extent that the Omnibus Response is construed as a motion, it fails to comply with Local Rule 3.01(f)'s requirements for emergency or time-sensitive motions. *See* M.D. Local Rule 3.01(f) ("If a party moves for emergency or time-sensitive relief, . . . the motion must include an introductory paragraph that explains the nature of the exigency and states the day by which a ruling is requested."). Plaintiff is cautioned that "[t]he unwarranted designation of a motion as an emergency can result in a sanction." *See id*.

Further, Plaintiff's Motion to Compel fails to comply with Local Rule 3.01(g). Local Rule 3.01(g) provides that before filing any motion in a civil action, subject to certain exceptions that are not applicable here, the movant must confer with the opposing party in a good faith effort to resolve the motion and include a "Local Rule 3.01(g) Certificate" at the end of the motion, in which the movant certifies he has conferred with the opposing party, state whether the parties agree on the resolution of all or part of the motion, and if the motion is opposed, explain how the conference was conducted. *See* M.D. Fla. Local Rule 3.01(g). The Motion to Compel does not include the certification of good faith conferral required by Local Rule 3.01(g), nor does it indicate that Plaintiff attempted to confer with the Defendant before filing the motion.

- 3 -

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Omnibus Response to Defendant's Response and Emergency Request

for Sanctions on the Tribunal (Doc. 26) is **STRICKEN**.

(2) Plaintiff's Motion to Compel Production of the Settlement Agreement and Fraud

Exhibits (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on July 1, 2026.

_____

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties