**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**BOBBY CHANEY,**

**Plaintiff,**

**v.** **Case No: 5:26-cv-117-JSS-PRL**

**PRESTIGE FORD INC.,**

**Defendant.**

---

**ORDER**

On June 26, 2026, Noah E. Storch, Esq. of Richard Celler Legal, P.A moved to withdraw as counsel of record for Plaintiff—two weeks *after* a Joint Stipulation of Voluntary Dismissal with Prejudice was filed and signed by the parties representing that a settlement was reached (Doc. 18)—stating that Plaintiff terminated the representation of Richard Celler Legal, P.A., and its attorneys of record, including Noah E. Storch, in the case and intended to proceed *pro se*. (*See* Doc. 25 at pp. 1-3). On July 31, 2026, I held a hearing on the Motion to Withdraw as Counsel for Plaintiff (Doc. 25) with Plaintiff, attorney Noah E. Storch, and Defendant's counsel, Douglas J. Kress, Esq. of Schwed Kahle & Kress, P.A. (Docs. 40-41).

Based on the parties' representations at the hearing and upon a review of the record, the Joint Stipulation of Voluntary Dismissal with Prejudice filed under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Doc. 18) is self-executing and effective upon filing, requiring no further action by the Court. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) (holding that "the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing[,]" "dismisses the case upon it[] becoming effective[,]" and "divests the district court of jurisdiction") (citing *SmallBizPros, Inc. v.*

*MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010)); *Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461-62 (M.D. Fla. 2020) (determining that parties may terminate an FLSA case by filing either a Rule 41 stipulation of dismissal with prejudice or a Rule 68(a) notice of acceptance of an offer of judgment, and "the district court is immediately powerless to interfere"); *Dicomo v. KJIMS Dev. Co., Inc.*, No. 2:16-cv-327-FTM-99CM, 2016 WL 6678420, at *1 (M.D. Fla. Nov. 14, 2016) ("[T]he parties may dismiss [an FLSA] case in its entirety pursuant to the Joint Stipulation for Dismissal with Prejudice . . . without further action from the Court as it is unconditional and self-executing.") (citing *Anago Franchising, Inc.*, 677 F.3d at 1278); *see also* Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing that a plaintiff may dismiss an action voluntarily if a stipulation of dismissal is signed by all parties who have appeared).

Accordingly, the Clerk is **directed** to terminate all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Ocala, Florida on August 3, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties